## Fetters Estate

*Malcolm B. Petrikin,* for accountants.

*John S. J. Brooks* and *Joseph R. Young,* for legatees.

VAN RODEN, P. J., December 14, 1964.— . . . Two questions have been submitted to the court for adjudi-

cation. By item fourth of his will, decedent bequeathed a legacy as follows:

"ITEM 4: I give, devise and bequeath three hundred (300) shares of Atlantic City Electric Company Stock and one hundred (100) shares of Philadelphia Electric Company Stock unto my friend, DAISY GORBA, absolutely, if living".

Decedent's will was executed on June 8, 1960, more than a year and one half before his death. After execution of the will and before decedent's death, the 100 shares of Philadelphia Electric Company stock was split on May 10, 1961, to shareholders of record on April 25, 1961, and at the time of his death, decedent owned 200 shares of Philadelphia Electric Company stock.

Daisy Gorba, legatee under item fourth of decedent's will, has advanced a claim against the estate for the entire 200 shares of Philadelphia Electric Company stock which decedent owned at the date of death.

Claimant argues that since at the time of execution of the will decedent owned only 100 shares of Philadelphia Electric Company stock, and that the legacy to Daisy Gorba comprised his entire holdings of that stock, she is entitled to the original stock and the accretions thereto by reason of the stock split. In sum, she argues that it was the intention of testator to bequeath unto her all his Philadelphia Electric Company stock, whether "all" be 100 or 200 shares by virtue of a split of the original 100 shares.

Daisy Gorba relies upon McFerren Estate, 365 Pa. 490 (1950), and Rempp Estate, 33 D. & C. 2d 426, 14 Fiduc. Rep. 296 (1964).

The McFerren case involved a revision of capitalization and a new issue of stock at the rate of two and one half for one between the date of the will and the date of death. The court decided that it was testator's intention to give an equal one-half share of all the

stock he owned in a particular company unto two designated legatees, and confirmed an award of the new stock issued for the old.

The decision in Rempp Estate by President Judge Taxis, of Montgomery County, relied strongly on the McFerren case. Again, the court construed the intention of testator by the language of the will and the surrounding circumstances and awarded a beneficiary the increase in a legacy of stock resulting from a stock split. Judge Taxis also placed great emphasis on the fact that in Rempp Estate, the legacy was specific: ". . . my 21 shares of Stock of the Philadelphia National Bank . . ."

Petitioners, in arguing against the claim of Daisy Gorba, rely most strongly upon Woodward Estate, 407 Pa. 638 (1962). In that case, testatrix executed her will in 1957, bequeathing 30 shares of A. T. & T. stock to one legatee and 35 shares of A. T. & T. stock to another. Subsequently, in May 1959, the stock was split three for one. Decedent died in June 1960, and the legatees claimed, respectively, 90 and 105 shares of A. T. & T. stock, thus claiming the increase resulting from the split. The Supreme Court of Pennsylvania, in the opinion of Chief Justice Bell, denied the claim of the legatees to the increased stock. The court said:

"We believe the testatrix's language, meaning and intent are clear. She clearly said at the time she made her will that she wished to give 30 shares to Vera and 35 shares to Henry and she wished her residuary estate to be divided among her five named nephews and nieces. Two years later, the A. T. and T. stock was split three-for-one. Testatrix received these additional shares of stock and owned and possessed them for over a year before her death, but never changed her will. How can we then change it for her?"

This court chooses to follow the rule in Woodward Estate. We are of the opinion that this case corresponds

to Woodward Estate, and we attach no compelling significance to the fact that at the time of the execution of the will, decedent Walter C. Fetters, Jr., owned only 100 shares of Philadelphia Electric Company stock. The language of the Fetters will is clear and precise. He gave 100 shares of Philadelphia Electric Company stock to Daisy Gorba. For about eight months after the stock split, he had opportunity to alter his will if he so desired. He did not do so. How, then, to cite Chief Justice Bell, can we alter it for him?

We do not necessarily consider that our opinion is in conflict with the ruling of Rempp Estate, in which Judge Taxis relied so heavily upon the specific nature of the legacy, although we acknowledge that we may be in conflict with some of the reasoning by which Judge Taxis arrived at his ruling.

We find McFerren Estate, which, in any event, preceded Woodward Estate by 12 years, clearly distinguishable for the reasons stated by the court in Woodward Estate.

The second question submitted to the court for adjudication is whether or not the legatee of stock is entitled to the dividends thereon from the date of decedent's death, as she would be if the legacy were specific, or entitled to only dividends from one year after death, as in the case of a general legacy. It is clear that the legacy in this case is general, as noted hereinabove, and it is hereby ordered that the legatee is entitled to dividends dating only from one year after the death of decedent.

For the foregoing reasons, and after careful consideration of the able arguments and briefs of counsel, it is hereby ordered and decreed that the claim of Daisy Gorba to 200 shares of Philadelphia Electric Company stock, on account of her bequest under item fourth of decedent's will, is dismissed. As will appear in the award hereinafter made, Daisy's share is to be 100

shares of stock in conformity with the language of the will, and the additional 100 shares resulting from the stock, shall fall into the residue of the estate. . . .

Distribution may be made in kind, and a schedule thereof is not required.

Done December 14, 1964.